NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JESSIE LEWIS, *Plaintiff/Appellant*,

*v.*

SUPERIOR COURT MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0215
FILED 6-1-2023

---

Appeal from the Superior Court in Maricopa County
No. LC2021-000382-001
The Honorable Kathleen H. Mead, Judge, *Retired*

**REVERSED AND REMANDED**

---

COUNSEL

Jessie Lewis, Tucson
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Defendant/Appellee*

————————————————

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Vice Chief Judge David B. Gass and Judge Brian Y. Furuya joined.

————————————————

**J A C O B S**, Judge:

**¶1**　　　　Jessie Lewis appeals the superior court's dismissal for lack of jurisdiction of his putative petition for special action that challenged his 2014 superior court criminal proceedings and conviction. Because Lewis' petition is in substance one seeking post-conviction relief, the superior court had jurisdiction over it. We reverse and remand for the superior court to consider Lewis' petition under Rule 32 of the Arizona Rules of Criminal Procedure.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　In 2015, a jury convicted Lewis of a weapons misconduct offense. The court sentenced him to 11 years' incarceration. This court affirmed on direct appeal after an independent review of the entire record. *State v. Lewis*, 1 CA-CR 15-0301, 2016 WL 4045317, at *1–2, ¶¶ 1, 3, 6 (Ariz. App. July 28, 2016) (mem. decision); *see Anders v. California*, 386 U.S. 738, 744 (1967). Lewis thereafter unsuccessfully sought post-conviction relief many times. *See generally State v. Lewis*, 2 CA-CR 2023-0053-PR, 2023 WL 2770660, at *1, ¶ 1 (Ariz. App. Apr. 4, 2023) (mem. decision); *State v. Lewis*, 1 CA-CR 21-0371 PRPC, 2022 WL 872215, at *1, ¶ 1 (Ariz. App. Mar. 24, 2022) (mem. decision).

**¶3**　　　　This appeal arises from a successive request for post-conviction relief Lewis raised in November 2021. Lewis petitioned the superior court for relief from his conviction by filing what he styled as a petition for special action. Lewis cited subsections of Special Action Rule 1 and attached a supporting declaration. *See* Ariz. R.P. Spec. Act. 1, 4(d). Lewis' filings are captioned with his criminal case number, and the superior court initially (and correctly) directed Lewis' filing to its department that handles criminal post-conviction matters. However, upon determining that "[i]n substance, these submissions seek special action relief," the court redirected the matter to its Lower Court Appeals division (LCA).

¶4         The LCA then dismissed Lewis' putative petition for special action for lack of jurisdiction in an unsigned order lacking finality under Arizona Rule of Civil Procedure 54(c).  The LCA explained it "reviews matters from municipal and justice courts," and "does not have jurisdiction to review the rulings of another superior court judge."  After Lewis filed a premature notice of appeal, this court stayed the matter.  During the stay, Lewis requested, and the superior court entered, a final signed judgment.

¶5         We have jurisdiction over Lewis' appeal from the superior court's dismissal of his putative special action under Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") §§ 12-2101(A)(1) and -120.21(A)(1).

**DISCUSSION**

¶6         The issue before us is whether the superior court abused its discretion by dismissing Lewis' putative special action petition for lack of jurisdiction.  *See Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979).  "An abuse of discretion occurs when the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice." *State v. Riley*, 248 Ariz. 154, 167, ¶ 7 (2020) (internal quotation marks and citation omitted).

¶7         To answer that question, we look at the substance of Lewis' filing and not its label, as our law requires.  *See Application of Buccheri*, 6 Ariz. App. 196, 198 (1967) (stating "[s]ubstance" is "of the essence" notwithstanding that a filing is "labeled otherwise," and determining petitions contesting detention in prison were collateral attacks on the defendant's conviction and sentence).  For their part, both parties treat Lewis' filing as one for special action.  Lewis relies on Article 6, Sections 1, 14(11), and 18, of the Arizona Constitution, and A.R.S. § 12-123, to assert that the court has jurisdiction over extraordinary writs, and thus, over his petition.  The state in turn explains why Lewis' filing fails as a special action, but (hinting at the right answer) suggests that if Lewis' filing fails he might be better served by filing a request for post-conviction relief.

¶8         Much as the law does not allow the parties to stipulate to subject-matter jurisdiction, the superior court is likewise not bound by Lewis' incorrect characterization of his filing, which attacks his 2014 conviction.  Though presented as a petition for special action, Lewis' petition challenges his conviction and seeks habeas corpus review and relief afforded by the post-conviction statutes and rules.  *See generally* Ariz. Const. art. 6, § 18 (granting superior court power to issue writs of habeas corpus);

A.R.S. §§ 13-4231 to -4241 (governing post-conviction); A.R.S. §§ 13-4121 to -4147 (governing habeas corpus); Ariz. R. Crim. P. 32 (governing post-conviction review after trial). That Lewis challenges his conviction is underscored by the claims in the petition that the state violated Lewis' constitutional rights at trial, his request for an evidentiary hearing under the post-conviction statutes and Rule 32 of the Arizona Rules of Criminal Procedure, and his plea for relief that the court "overturn [his] illegal conviction" and discharge him from prison pursuant to A.R.S § 13-4131(A), which governs habeas corpus remedies.

¶9        Rule 32.3(b) of the Arizona Rules of Criminal Procedure requires that the superior court treat Lewis' petition as one for post-conviction relief and apply the procedures in Rule 32. As relevant here, that rule states:

> (b) Other Applications or Requests for Relief. *If a court receives any type of application or request for relief--however titled--that challenges the validity of the defendant's conviction or sentence following a trial, it must treat the application as a petition for post-conviction relief.* If that court is not the court that convicted or sentenced the defendant, it must transfer the application or request for relief to the court where the defendant was convicted or sentenced.

(Emphasis added). The comment to Rule 32.3 reiterates and contextualizes the rule explaining that:

> Rule 32 does not restrict the scope of the writ of habeas corpus under Ariz. Const. art. 2, § 14. *See* A.R.S. §§ 13-4121 et seq., which provides a remedy for individuals who are unlawfully committed, detained, confined, or restrained. But if a convicted defendant files a petition for a writ of habeas corpus (or an application with a different title) that seeks relief available under Rule 32, the petition or application will be treated as a petition for post-conviction relief.

Ariz. R. Crim. P. 32.3 cmt.

¶10        Our statutory law drives home the point that Lewis' filing is a request for post-conviction relief. Arizona Revised Statutes § 13-4233, from which Rule 32.3(b) is derived, states:

> A proceeding pursuant to this article is a part of the original criminal action and not a separate action. It displaces and

4

incorporates all trial court post-trial remedies except post-trial motions and habeas corpus.

> If a defendant applies for a writ of habeas corpus in a court having jurisdiction of his person *attacking the validity of his conviction or sentence*, that court pursuant to this article shall transfer the cause to the court where the defendant was convicted or sentenced and that *court shall treat it as a petition for relief under this article and the procedures of this article apply*.

A.R.S. § 13-4233 (emphases added). As the statute makes clear, the superior court must treat Lewis' mislabeled special action as the request for post-conviction relief it actually is.

## CONCLUSION

¶11 Because A.R.S. § 13-4233 and Rule 32.3(b) require that the court treat Lewis' putative special action petition as one for post-conviction relief, the superior court abused its discretion by dismissing Lewis' petition. Accordingly, we reverse and remand for further proceedings.

